IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYON SELLERS | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | |
| | * | COMPLAINT AND DEMAND |
| SN SERVICING CORPORATION, WILLIAM | * | FOR A JURY TRIAL |
| A. FOGLEMAN, AND HOUSING | * | |
| OPPORTUNITY PARTNERS REO, LLC | * | |
| DEFENDANTS | * | |

**COMPLAINT**

I. INTRODUCTION

1.  Plaintiff Rayon Sellers brings this action against defendants SN Servicing Corporation, William A. Fogleman, and Housing Opportunity Partners REO, LLC, for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3.  Plaintiff, Rayon Sellers ("plaintiff" or "Mr. Sellers"), is a natural person above the age of majority residing in East Baton Rouge Parish, state of Louisiana.

4.  Defendant, SN Servicing Corporation (hereinafter referred to as "SN"), is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered

1

agent for service of process in the state of Louisiana is The Prentice-Hall Corporation System, Inc., 501 Louisiana Avenue, Baton Rouge, Louisiana.  SN, at all times relevant hereto, regularly attempted to collect debts alleged to be due another by acquiring or servicing hundreds of defaulted mortgages every year and is a "debt collector" as defined under the FDCPA.

5. Defendant, William Fogleman (hereinafter referred to as "Fogleman"), is a natural person practicing law in the state of Louisiana. Fogleman, at all times relevant hereto, regularly attempted to collect debts alleged to be due another by working for SN to attempt to collect on the hundreds of defaulted mortgages SN acquires very year and is a "debt collector" as defined under the FDCPA.

6. Defendant, Housing Opportunity Partners REO, LLC (hereinafter referred to as "HOP"), is a foreign limited liability corporation authorized to do and doing business in the state of Louisiana, and whose registered agent in the state of Louisiana is CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana.   HOP, at all times relevant hereto, regularly attempted to collect debts alleged to be due another by acquiring or servicing hundreds of defaulted mortgages every year and is a "debt collector" as defined under the FDCPA.

IV. FACTUAL ALLEGATIONS

7. Defendant Fogleman as attorney for SN has a suit for executory process on behalf of co-defendant HOP against Mr. Sellers filed in the 19th Judicial District Court, Suit Number 625,476 ("executory process suit.").

8. The note and mortgage sued upon in the executory process suit was for the home of Mr. Sellers and his wife, Jennifer Sellers, and the purpose of this note and mortgage was solely for personal, family or household purposes.

9. Mr. Sellers filed a petition on May 29, 2015 seeking to enjoin the scheduled sale of his home by defendants, arguing among other things, that defendant HOP's amended petition stated it was entitled to "escrow amounts advanced," but it failed to state "the existence, date, and amounts of these advances" as required by Louisiana Code of Civil Procedure article 2637(B) nor had it done so by verified petition since the amended petition is not verified as required. .

10. The application for preliminary injunction was set for June 15, 2015 with a sale date of June 17, 2015.

11. On June 10, 2015, defendants served an opposition to the application for preliminary injunction.

12. The opposition had a document entitled "Affidavit of Amount Demanded" ("affidavit") attached to it which purported to cure some of the deficiencies cited by Mr. Sellers in his petition seeking the preliminary injunction.

13. This affidavit was only a copy of a document and it was not notarized, which was not known to Mr. Sellers at that time.

14. Defendants relied upon this affidavit in their collective opposition to the application for a preliminary injunction held on June 15, 2015.

15. The trial court then denied Mr. Sellers' application relaying on the affidavit.

16. After this denial, it was discovered that the affidavit was a copy and was not notarized.

17. Realizing this defect in the evidence, Mr. Sellers requested that defendants voluntarily stop the sheriff's sale, which defendants refused to do .

18. On the morning of June17, 2015, Mr. Sellers filed a Notice of Intent to Take

Writs with the trial court, pointed out the deficient affidavit, and then asked the trial court to stay the sheriff's sale set for June 17, 2015 at 10:00 a.m..

19. The trial court denied the requested stay and a winning bid was submitted by Mr. Sellers.

20. In East Baton Rouge Parish, if the winning bidder at a sheriff's sale does not promptly pay the purchase price, the property goes back up for auction at 2:00 p.m. on that same day.

21. Mr. Sellers was not going to be able to pay the winning bid prior to 2:00 p.m..

22. Mr. Sellers applied for writs to the Louisiana First Circuit Court of Appeals seeking to stop the sheriff's sale based upon the amended petition filed by HOP which pled that it was entitled to "escrow amounts advanced," but it failed to state "the existence, date, and amounts of these advances" as required by Louisiana Code of Civil Procedure article 2637(B).

23. The First Circuit Court of Appeals agreed with Mr. Sellers and at approximately 1:15p.m., it ordered the sheriff's sale cancelled due to these deficiencies.

24. The suit filed by defendants asked that Mr. Sellers' home be sold with appraisal in order to allow them to seek a deficiency judgment against Mr. Sellers after the sale should the proceeds from the sale not pay off the amount defendants claim was owed to HOP by Mr. Sellers.

## FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(5), 1692e(10) and 1692f.

26. Plaintiff has suffered actual damages and injury, including, but not limited to, the costs to stop the sheriff's sale including attorney's fees, stress, humiliation, anxiety, extreme

mental anguish and suffering, emotional distress, for which he should be compensated in amounts to be proven at trial.

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendants SN Servicing Corporation, William A. Fogleman, and Housing Opportunity Partners REO, LLC for:

(a) actual damages;

(b) additional damages;

(c) attorney's fees;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

                s/Garth J. Ridge
                **GARTH J. RIDGE**
                Attorney for Plaintiff
                Bar Roll Number:  20589
                251 Florida Street, Suite 301
                Baton Rouge, Louisiana 70801
                Telephone Number:  (225) 343-0700
                Facsimile Number: (225) 343-7700
                E-mail: GarthRidge@aol.com