# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYON SELLERS**

**VERSUS**

**SN SERVICING CORPORATION, ET AL.**

**CIVIL ACTION**

**NO. 16-378-SDD-RLB**

## ORDER

Before the Court is Defendants' Motion to Compel Discovery Responses (R. Doc. 32) filed on July 17, 2017. Pursuant to Local Rule 7(f), Plaintiff had twenty-one days after service of the motion to file an opposition. Upon Plaintiff's motion, the Court extended Plaintiff's deadline to file an opposition to August 9, 2017. (R. Doc. 40). Plaintiff has not filed an opposition as of the date of this Order. Accordingly, the motion is deemed to be unopposed.

**I.     Background**

On June 9, 2016, Raymond Sellers ("Plaintiff") commenced this action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against SN Servicing Corporation, William A. Fogleman, and Housing Opportunity Partners REO, LLC (collectively, "Defendants"). (R. Doc. 1). Plaintiff has filed an Amended Complaint. (R. Doc. 24). Plaintiff seeks damages allegedly incurred as a result of seeking cancellation of a sheriff's sale of his home, as well as recovery of "several thousands of dollars" in overcharged interest on the underlying mortgage. (R. Doc. 24 at 2-5).

Plaintiff alleges that he "has suffered actual damages and injury, including, but not limited to, the costs to stop the sheriff's sale including attorney's fees, stress, humiliation,

anxiety, extreme mental anguish and suffering, emotional distress, and excessive interest for which he should be compensated in amounts to be proven at trial." (R. Doc. 24 at 5). Plaintiff further states that he seeks recovery for actual damages under the FDCPA; excessive interest charged and collected by Defendants; "additional damages"; and attorney's fees and costs. (R. Doc. 24 at 5-6).

On March 3, 2017, Defendants served their First Set of Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 32-2).

On April 19, 2017, after receiving an extension of the deadline to respond from Defendants, Plaintiff provided his responses to the discovery requests. (R. Doc. 32-3).

On June 14, 2017, defense counsel sent Plaintiff's counsel an e-mail outlining alleged deficiencies with Plaintiff's responses to Interrogatory Nos. 8, 10, 12, 17, 19, and 20, and Requests for Production Nos. 13, 14, 16, and 17. (R. Doc. 32-4 at 1-2). Defense counsel requested supplemental responses by June 28, 2017. (R. Doc. 32-4 at 2).

On June 30, 2017, having received no supplemental responses, defense counsel informed Plaintiff's counsel that Defendants intended on filing a motion to compel regarding the deficient responses. (R. Doc. 32-5). Plaintiff's counsel responded by representing that he had been "out of state" and would discuss the deficiencies with Plaintiff on July 3, 2017, and then provide defense counsel with an update. (R. Doc. 32-6 at 2). Defense counsel agreed. (R. Doc. 32-6 at 1).

On July 5, 2017, defense counsel sent Plaintiff's counsel another e-mail requesting an update on the status of Plaintiff's supplemental responses. (R. Doc. 32-6 at 1).

On July 7, 2017, Plaintiff's counsel represented that he was meeting with Plaintiff, and that Plaintiff would provide supplemental responses on July 10, 2017. (R. Doc. 32-7).

On July 10, 2017, Plaintiff provided "amended" responses to the discovery requests. (R. Doc. 32-8). At the same time, Plaintiff's counsel informed defense counsel that he was "working up the payments on a spread sheet to determine the excessive interest charges." (R. Doc. 32-9). Defendants represent that they have not been provided with the requested supplemental information as of the date of the filing of the Motion to Compel. (R. Doc. 32-1 at 3).

On July 13, 2017, Defendants took Plaintiff's deposition. (R. Doc. 32-12). At his deposition, Plaintiff testified that he had in his possession certain loan-related documents and records of payments that he had not produced in discovery, further stating that some of the documents were thrown away in the past few years in light of water damage. (R. Doc. 32-12 at 7-9). Plaintiff also asserted that he needed "two or three weeks" to get the documents together to produce. (R. Doc. 32-12 at 10-11). Plaintiff's counsel also represented at the deposition that he had additional responsive documents to produce and that he would provide them by e-mail during a break in the deposition. (R. Doc. 32-12 at 14-18). Defendants represent that Plaintiff's counsel emailed more than 200 pages of documents to defense counsel during the deposition. (R. Doc. 32-1 at 4; *see* R. Doc. 32-12 at 18-19).

Defendants now seek an order compelling Plaintiff to respond fully to Interrogatory Nos. 10, 12, and 17, and Request for Production No. 13. (R. Doc. 32).

**II.     Law and Analysis**

    **A.     Legal Standards**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

B. **Analysis**

1. **Interrogatory No. 10**

Defendants' Interrogatory No. 10, and Plaintiff's responses to Interrogatory No. 10, are as follows:

> **INTERROGATORY NO. 10**
> Please Identify, itemize and describe in specific detail the amount(s) for alleged excessive interest charged and collected by the Defendants and Identify your method of calculation the amount(s).
>
> **RESPONSE TO INTERROGATORY NO. 10**
> Plaintiff objects to this interrogatory as overbroad, burdensome and harassing. Without waiving these objections, plaintiff is attempting to calculate these amounts which involve numerous payments over many years as reflected in the documents referenced in interrogatory number 1.[1]
>
> **[AMENDED] RESPONSE TO INTERROGATORY NO. 10**
> Plaintiff objects to this interrogatory as overbroad, burdensome and harassing. Without waiving these objections, plaintiff is attempting to calculate these amounts which involve numerous payments over many years as reflected in the documents referenced in interrogatory number 1. The method of calculation involves multiplying the balance owed by the interest rate of 9.5%, dividing the amount by 365 days and then multiplying the result by the number of days from the last payment to determine the interest owed from that payment, subtracting that amount from the payment amount to determine the amount of the payment applied to the principal, then subtracting that amount from the balance owed.

(R. Doc. 32-2 at 9; R. Doc. 32-3 at 4; R. Doc. 32-8 at 4).

Defendants argue that Plaintiff's response to Interrogatory No. 10 remains "incomplete and deficient." (R. Doc. 32-1 at 5). The Court overrules Plaintiff's objections, as the interrogatory is not overbroad and there is no evidence that it is overly burdensome or meant to harass Plaintiff.

---

[1] In response to Interrogatory No. 1, Plaintiff stated that he produced "responses to discovery from the plaintiff in the matter entitled, 'U.S. Bank Trust, National Association, as Trustee vs. Rayon Sellers, Jennifer J. Sellers and Svtlana Yvette Ely Jackson,' Number: 625476, Section 27, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, unnumbered pages 62-73." (R. Doc. 32-3 at 1).

The information sought is within the scope of discovery. While Plaintiff has provided a general method for calculating excessive payments, Plaintiff's responses do not identify the amount of alleged excessive interest charged and collected by Defendants. Plaintiff must supplement his response by identifying the actual excessive interest charged that he is claiming as damages. To the extent the calculation of excessive interest sought to be obtained as damages is to be provided in an expert report, Plaintiff must specifically identify the expert who will be calculating the specific categories of damages to be provided in the expert report.[2]

For the foregoing reasons, Defendants' motion is **GRANTED** with regard to Interrogatory No. 10. Plaintiff must provide a supplemental response within **7 days** of the date of this Order consistent with the foregoing.

### 2. Interrogatory No. 12

Defendants' Interrogatory No. 12, and Plaintiff's responses to Interrogatory No. 12, are as follows:

> **INTERROGATORY NO. 12**
> Please Identify each and every exhibit you may use at the trial and/or hearing in this matter.
>
> **RESPONSE TO INTERROGATORY NO. 12**
> Plaintiff objects to this interrogatory as it is premature, [overbroad] and burdensome. Without waiving these objections, plaintiff use [sic] any documents referenced in these discovery responses which are either produced in conjunction therewith or are part of the state court record. Plaintiff will continue to look for any documents which may be responsive to this request and produce them as he obtains or discovers them.
>
> **[AMENDED] RESPONSE TO INTERROGATORY NO. 12**
> Plaintiff objects to this interrogatory as it is premature, [overbroad] and burdensome. Without waiving these objections, plaintiff use [sic] any documents referenced in these discovery responses which are either produced in conjunction therewith or are part of the state court record. Plaintiff will continue to look for

---

[2] Plaintiff's deadline to disclose the identities of his experts is August 15, 2017, and his deadline to provide expert reports is November 15, 2017. (R. Doc. 15 at 1-2).

any documents which may be responsive to this request and produce them as he obtains or discovers them.

(R. Doc. 32-2 at 9; R. Doc. 32-3 at 4; R. Doc. 32-8 at 4-5).

The Court will sustain Plaintiff's objection that this interrogatory is premature. The Court's deadlines control when exhibits must be disclosed. The deadline to disclose exhibits is set by the district judge through the filing of the Pre-Trial Order. The Court will not compel a discovery response that conflicts with its current deadlines.

For the foregoing reasons, Defendants' motion is **DENIED** with regard to Interrogatory No. 12.

### 3. Interrogatory No. 17 and Request for Production No. 13

Defendants' Interrogatory No. 17, and Plaintiff's responses to Interrogatory No. 17, are as follows:

> **INTERROGATORY NO. 17**
> Please Identify, itemize and describe in specific detail each and every item of special, incidental and/or consequential damages for which you seek recovery in this lawsuit, as well as the method(s) used to calculate such damages. Your response must include an itemized listing of all claimed damages, and the amount of alleged damages alleged for each category.
>
> **RESPONSE TO INTERROGATORY NO. 17**
> Plaintiff objects to this Interrogatory to the extent that it seeks to harass, penalize and unduly burden the plaintiff by requesting information that has already been provided to the defendant. Notwithstanding this objection and specifically reserving the same, the plaintiff restates as follows:
> Plaintiff has endured substantial and ongoing emotional and mental anguish, stress, worry, humiliation and frustration because of this ordeal to recapture his good name. The plaintiff has suffered extreme frustration and aggravation as a direct and proximate result of the defendants[s'] refusal to accurately report on plaintiff's credit with regard to the account complained of. Plaintiff will produce documents evidencing his damages for having to file a writ application subject to the entry of a protective order.
>
> **[AMENDED] RESPONSE TO INTERROGATORY NO. 17**
> Plaintiff objects to this Interrogatory to the extent that it seeks to harass, penalize and unduly burden the plaintiff by requesting information that has already been

7

provided to the defendant. Notwithstanding this objection and specifically reserving the same, the plaintiff restates as follows:
Plaintiff has endured substantial and ongoing emotional and mental anguish, stress, worry, humiliation and frustration because of this ordeal to figure out what exactly is owed on this alleged obligation. The plaintiff has suffered extreme frustration and aggravation as a direct and proximate result of the defendants' charging excessive interest, which causes defendants to request more than is actually owed on this Vendor's Lien. Plaintiff will produce documents evidencing his damages for having to file a writ application subject to the entry of a protective order.

(R. Doc. 32-2 at 10; R. Doc. 32-3 at 6; R. Doc. 32-8 at 6).

Defendants' Request for Production No. 13, and Plaintiff's responses to Request for Production No. 13, are as follows:

**REQUEST FOR PRODUCTION NO. 13**
Please produce all Documents evidencing or reflecting any item of special, incidental and/or consequential damages for which you seek recovery in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**
Please see response to interrogatory number 17.

**[AMENDED] RESPONSE TO REQUEST FOR PRODUCTION NO. 13**
Please see response to interrogatory number 17.

(R. Doc. 32-2 at 13; R. Doc. 32-3 at 10; R. Doc. 32-8 at 10).

Defendants represent that on July 10, 2017, Plaintiff provided a draft protective order to Defendants, which Defendants agreed to have entered by the Court. (R. Doc. 32-1 at 7). Defendants further represent that Plaintiff's counsel "subsequently indicated" that Plaintiff may produce information responsive to this request without a protective order governing confidentiality in place, but has nevertheless not produced the information to date. (R. Doc. 32-1 at 7-8). Neither party has sought entry of a protective order governing the exchange of confidential information during discovery.

The Court overrules Plaintiff's objections, as it does not appear that the underlying information has been provided. Plaintiff did not specifically object to the foregoing discovery requests on the basis of confidentiality, and has not raised any argument in opposition to the instant motion regarding the confidentiality of the information sought by Defendant. The Court finds no basis for issuing a protective order regarding the information sought in response to Defendants' Interrogatory No. 17 and Request for Production No. 13.

Furthermore, the information sought is within the scope of discovery. While Plaintiff need not quantify any general damages sought, he must quantify the alleged damages regarding excessive interest and any other quantifiable special, incidental and/or consequential damages sought. Accordingly, the Court will require Plaintiff to supplement his response to Interrogatory No. 17 by specifically identifying the damages sought for his alleged injuries, including the calculations used to determine those damages. To the extent any calculations of damages are to be provided in an expert report, Plaintiff must specifically respond to Interrogatory No. 17 by identifying the expert who will be calculating the specific categories of damages to be provided in an expert report.

Similarly, the Court will require Plaintiff to supplement his response to Request for Production No. 13 by providing all responsive documents in his possession, custody, or control evidencing or reflecting the special, incidental and/or consequential damages sought. Such documents must be produced even if an expert witness will ultimately provide the calculation of damages sought.

For the foregoing reasons, Defendants' motion is **GRANTED** with regard to Interrogatory No. 17 and Request for Production No. 13. Plaintiff must provide supplemental responses within **7 days** of the date of this Order consistent with the foregoing.

### 4. Defendants' Request for Reasonable Expenses

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, a court may apportion the reasonable expenses for the motion. The record demonstrates that Plaintiff's counsel has delayed the production of responsive documents. In addition, despite requesting the Court for an extension of the deadline to respond to the instant motion, which occupied the Court's time in addressing, Plaintiff's counsel has not filed a timely opposition. Accordingly, the Court finds it appropriate to require Plaintiff's counsel to pay 75% of Defendants' reasonable expenses in bringing the instant motion.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 32) is **GRANTED IN PART and DENIED IN PART**. Plaintiff shall supplement his responses to Interrogatory Nos. 10 and 17, and Request for Production No. 13, within **7 days** of this Order.

**IT IS FURTHER ORDERED** that Defendants are entitled to an award of 75% of the reasonable attorney's fees and costs that they incurred in bringing this motion to compel and that Plaintiff's attorney Mr. Ridge shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[3] Plaintiff's counsel shall pay that amount;

---

[3] This Court has previously found that a relatively modest award was reasonable under similar circumstances where all of the defendants' reasonable expenses were awardable. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

(2) If the parties do <u>not</u> agree to a resolution, Defendants shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendants' Motion, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on August 11, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**